## MARY BABB v. THOMAS BABB

Supreme Court.  New Castle.  May 26, 1802.

*Rodney's Notes.*

*G. Read, Levy* [for plaintiff].  *Bayard* [for defendant].

Mary, the wife of Peter Babb deceased, demands of Thomas, one third of [——].[1]

Book 4, fol. 484.  August 17, 1748, proved August 13, 1751. Thomas Babb's will — devise of all his land in Brandywine Hundred to his son, Peter, the husband of plaintiff.

Thomas Dain, sworn.  I knew Thomas Babb, the elder.  Two hundred and odd acres of land in the plantation in Brandywine, had no other.  I lived on it one year under him.  He died five days after I moved, in the year, 1751.  The heir, Peter Babb, came on me and I was obliged to give up to him.  He lived in Chester County.  Did not come to live on it himself, but he sent his daughter and one John Gregory, his cousin, to live on and take care of the place.  Peter made a vendue of the stock and moveable estate after the award.  Peter and Mary Babb were husband and wife, were at Thomas's funeral.  Peter Babb was older than myself, appeared to be fifty or sixty.  I saw Thomas Babb, the father of defendant, on the place.  Don't know that I have seen defendant on the place.

---

[1] Blank in manuscript.

Cross-examined. I am 71 years old. Mary Babb must be near eighty years old, is yet living, I believe. There was a stone house and new barn last time I was on it. Thomas Babb, I believe, built the house. Twenty or thirty acres cleared.

November 22, 1728. A certificate of the marriage of Peter Babb and Mary Lewis in Concord Meeting.

William Vandiver. I lived with Thomas, the father of defendant. It a valuable plantation, I believe. I am 39 years old; the house was built more than twenty years ago.

William Forward. I am 72. Thomas Babb was in possession when I first knew it. George Robinson rented after Thomas's death, gave £8 year rent. Defendant is in possession. The buildings and improvements were put on by Thomas, the son of Peter, in 1774, would have sold in 1751 for £20.

*Bayard* for defendant. May 13, 1754, deed of gift from Peter Babb to Thomas, the father of defendant, for 200 acres land and twenty of marsh with special warranty. May 12, 1773, will of Peter Babb: devise to Mary all my real and personal estate. September 1, 1788, will of Thomas Babb; the land devised to Thomas, the defendant, with a devise of £5 per year to his mother Mary. May 15, 1754, deed from William Bedford and Catherine, his wife, to Thomas Babb for twenty acres marsh, consideration £10. This marsh was not banked in until 1763. In a wild natural state. Co.Litt. 36, 30B, 31A, 32A. The wife shall be entitled to a third part of husband's estate which he was seised of at any time during coverture. If the wife be entitled to dower, and the heir improves the land, she shall be endowed according to the value of the lands at the time they are demanded. 4 Co. 1, *Case of Vernon.*

*G. Read.* No collateral satisfaction shall bar the right of dower. Alleged by plaintiff's counsel that in the plea *ne unques seisie* defendant cannot give in evidence satisfaction. Objection waived and counsel agree the merits of the cause shall go to the jury. 4 Co. 3, 4. Bac.Abr., title, "Dower," 3, 9. 2 Freem. 241, 242. Prec.Ch.Eq.Cas.Abr. 389. A devise of land to a wife is no bar in dower unless it is expressed to be in bar. 2 Atk. 424, 427. Dall. 417. Dower cannot be barred but by plain and express intention of the testator. No devise to a wife even of an estate in fee of ten times the value, to bar the right of dower.

*Bayard.* 2 Bac.Abr. 129. Co.Litt. If the purchaser improves land, the widow claims dower, she shall recover according to value of land when husband sold, though against the heir the wife shall recover according to the improved value of the land. The same person may take as heir, devisee or grantee. If a

devise be made to one precisely in the same manner that the law would have given him, he shall take as heir and not as devisee, otherwise if any variance between the devise and legal descent. Special warranty in the deed, and as all the land was devised to the widow, grantee would have his remedy against heir. 2 Bac.Abr. 134. 5 Com.Dig. 270. If the devisee, etc. should yield or pay an annual sum in lieu of dower, if she accepts it shall bar a recovery. 1 Wils. 34. A bond given no bar. Moo. 59. A grant of corn, etc., and accepted, bars dower.

Verdict for plaintiff exclusive of the marsh and assess damages to 7/6d.

On motion of defendant's counsel, rule to show cause why this verdict should not be set aside.

THE COURT. First, this [is] an action of dower, to support which the marriage, seisin, and death of the husband must be proved. Seisin [in] law, seisin in deed. Secondly, that as all objection to the form of pleading is waived, if in this case from the evidence given it appears to your satisfaction that it was either from the intention of the testator, Peter Babb, to exclude his wife from dower in this land (note no evidence of the will of Peter Babb), or that the widow after the death of Peter Babb, received from his son, the bargainee, or he offered compensation for any right of dower in the land conveyed to him by his father it will bar her, provided that compensation issues out of, or is made a lien on land. Third, it is certainly the law that you cannot go into parol evidence of any sort, to show the intention of testator was by devise to bar his wife of dower, but the intention must appear from the writings themselves. Fourth, it is also certain that in this case, there arises a strong presumption from the delay of prosecuting the claim, together with the provision made in Thomas Babb's, the younger's, will, that agreement had taken place to accept of the £5 per year willed as a compensation. Fifth, if from the evidence you should be of opinion the plaintiff ought to recover, how are you to estimate damages. I answer no damages to be given in this case, but from time of demand; if no demand made, no damages. But if a demand was proved in this case, no doubt the damages given by you, ought in point of law to be agreeably to the value of the land when conveyed to the son, and not the improved value. Sixth, with respect to the twenty acres of marsh purchased by Thomas, the bargainee or lessee of his father, of William Bedford, if from the evidence you should be in favor of the plaintiff's claim, and should be of opinion that Peter Babb, the

father, had no title to the same but that title was in Bedford, the plaintiff cannot recover anything respecting it.

Wednesday, May 26, 1802. A new trial granted in May last, and this day the cause being called, the plaintiff's attorney discontinued it.